UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM JACOB,

    Plaintiff,

v.

TOWNSHIP OF WEST BLOOMFIELD,
MICHAEL KILLIAN, in his individual
and official capacities, and LARRY RUSHING,
in his individual and official capacities,

    Defendants.
_____/

Case No. 03-70014

Hon. John Corbett O'Meara

# OPINION AND ORDER DENYING PLAINTIFF'S AND DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT

Before the court are cross-motions for summary judgment, filed March 29, 2010. Both motions are fully briefed. The court heard oral argument on May 6, 2010, and took the matter under advisement. For the reasons stated below, the parties' motions are denied.

## PROCEDURAL HISTORY

> The long and winding road
> That leads to your door
> Will never disappear
> I've seen that road before. . . .

The Beatles, <u>The Long and Winding Road,</u> <u>on</u> Let it Be (Apple Records 1970). This case, now seven years old, has traveled a long and winding road to this point, having been to the Sixth Circuit and back twice. Indeed, this is the third time the court has considered a motion for summary judgment. In essence, this case involves a dispute between a homeowner and a municipality over various alleged ordinance violations. The homeowner, Plaintiff William Jacob, contends that West Bloomfield Township and its code enforcement officer, Michael

Killian, targeted him for harassment and wrote tickets for ordinance violations without justification or probable cause. Jacob was cited on several occasions for "blight" or "junk vehicles" in his yard. In his complaint, Jacob alleges that Defendants violated his constitutional rights in their attempt to enforce the township's blight ordinance.

With respect to Defendants' first motion for summary judgment, the court granted it in part and denied it in part. The court dismissed Plaintiff's equal protection, substantive due process, and his Fourth Amendment seizure and procedural due process claims. The court denied Defendants' motion with respect to Plaintiff's Fourth Amendment search claim. The court also denied qualified immunity to Officer Killian.

Killian appealed the qualified immunity ruling to the Sixth Circuit. The Sixth Circuit did not reverse on this issue, but remanded to determine what effect, if any, <u>Widgren v. Maple Grove Twp.</u>, 429 F.3d 575 (6th Cir. 2005), had on this case. Upon remand, Killian filed a second motion for summary judgment, claiming that he was entitled to qualified immunity based upon <u>Widgren</u>. This court found <u>Widgren</u> inapplicable to this case and again denied qualified immunity to Killian. Killian appealed to the Sixth Circuit, which affirmed.

After remand, the parties agreed to conduct some additional discovery, given that the issues were significantly narrowed by the court's rulings. The parties then filed the pending motions. Plaintiff seeks summary judgment on his Fourth Amendment search claim, contending that this court and the Sixth Circuit have already determined that Killian entered Plaintiff's yard without a warrant in violation of the Fourth Amendment. Defendant Killian seeks summary judgment, arguing that he only took photos from the end of Plaintiff's driveway, which is outside the protected curtilage area of the home. Defendant also argues that Plaintiff consented to

searches as a result of his plea bargain and that Killian is entitled to qualified immunity.

## **BACKGROUND FACTS**

The facts at issue here are limited to those involving Killian's alleged searches of Plaintiff's yard without a warrant, in violation of the Fourth Amendment. It is the law of the case that any such warrantless searches of the curtilage surrounding Plaintiff's home violate clearly established Fourth Amendment law. See Jacob v. Township of West Bloomfield, 531 F.3d 385, 392 (6th Cir. 2008). Now, the court must consider whether a genuine issue of material fact exists as to whether Officer Killian actually entered the curtilage of Plaintiff's property during the relevant time period.

Upon receiving a complaint regarding the condition of Plaintiff's property, Officer Killian investigated and found inoperable vehicles and junk in Plaintiff's yard. After a series of investigations and notices, which did not bring Plaintiff's yard into compliance, the Township eventually filed misdemeanor charges against Plaintiff. Plaintiff pleaded guilty to these charges in October 1999. The plea agreement allowed Plaintiff fourteen days to clean up his property. Plaintiff failed to comply and was sentenced to thirty days in jail.

On November 15, 1999, while Plaintiff was still in jail, Killian allegedly entered the curtilage of Plaintiff's property without a warrant and determined that Plaintiff was not in compliance with the township's blight ordinance.[1] After Plaintiff was released from jail, Killian allegedly continued to enter Plaintiff's property and cite him for violations of the ordinance.

---

[1] The Sixth Circuit has already determined that any warrantless searches occurring before Plaintiff's plea and incarceration are not actionable under Heck v. Humphrey, 512 U.S. 477 (1994), because a civil suit holding that these searches were improper would undermine the basis of Plaintiff's guilty plea and sentence.

Plaintiff testified in his deposition that "So many times . . . . I've walked out of my house, I find him [Killian] walking around the yard taking photographs. . . . There's so many dates, for me to give you a specific date, I'd have to go back on each ticket and – and, well, I've received so many tickets and notifications. To this day, I don't know – I don't know what to do to get in compliance with this guy." Jacob Dep. at 22. Jacob also testified that he saw Killian in his yard on January 11, 2001, and that "I have come out of my house on occasion and found Officer Killian rummaging around." Id. at 33-34. Jacob also alleges that Killian entered his yard to take photos on January 7, 2000, based upon photographs in the township file.

## LAW AND ANALYSIS

### I. Standard of Review

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When reviewing a motion for summary judgment, the facts and any reasonable inferences drawn from the facts must be viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The party opposing summary judgment, however, must present more than a "mere scintilla" of evidence; the evidence must be such that a reasonable jury could find in favor of the plaintiff. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

### II. Plaintiff's Motion for Summary Judgment

Plaintiff seeks summary judgment based upon two arguments: (1) the issue of whether Killian entered Plaintiff's yard without a warrant in violation of the Fourth Amendment has been settled by this court and the Sixth Circuit; and (2) photos taken by Killian prove that he was

inside Plaintiff's yard at the time the photos were shot, and, therefore, there is no genuine issue of material fact to be determined.

With respect to the first argument, Plaintiff contends that because Killian did not dispute that he entered the yard for the purposes of summary judgment, he cannot now dispute the issue. Indeed, Killian did not deny that he entered Plaintiff's yard for the purposes of summary judgment – he argued at the time that, viewing the facts in the light most favorable to Plaintiff (as the court must do), he was entitled to summary judgment because Plaintiff's yard should not be deemed "curtilage" for Fourth Amendment purposes. This does not mean that Killian <u>admitted</u> that he entered Plaintiff's yard, nor does it mean that the court found as a matter of fact that Killian entered the yard. The factual issue was not before the court on summary judgment, nor was it before the Sixth Circuit on appeal. Accordingly, Plaintiff is not entitled to summary judgment on this basis.

Plaintiff also argues that the evidence, including photographs, proves that Killian must have entered Plaintiff's yard without a warrant on at least one occasion, on January 7, 2000. Killian testified that he took pictures of Plaintiff's yard on January 7, 2000, but that he was standing on a neighbor's property, not in Plaintiff's yard. Killian also proffers testimony of a professional photographer, who opines that the photographs could have been taken from outside Plaintiff's property line. The admissibility of this testimony, as well as that of Plaintiff's photography expert, remains to be determined. Whether this testimony is considered or not, the issue of whether the photos themselves were taken from inside or outside Plaintiff's property line is in dispute and is best left to the trier of fact. Because there is a genuine issue of material fact as to whether, when, and how many times Killian entered Plaintiff's yard, summary judgment is

not appropriate.

## III. Defendant's Motion for Summary Judgment

Defendant seeks summary judgment on the following grounds: (1) he is entitled to qualified immunity because, at most, he took pictures from the end of Plaintiff's driveway; and (2) he is entitled to qualified immunity because Plaintiff consented to the search of his property.[2] "In civil damage actions arising out of governmental officials' performance of discretionary functions, the officials are generally entitled to qualified immunity from suit 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Greene v. Barber, 310 F.3d 889, 894 (6th Cir. 2002) (citation omitted). See also Saucier v. Katz, 533 U.S. 194, 201 (2001); Pearson v. Callahan, 129 S.Ct. 808, 818 (2009).

Defendant's first argument is based upon the alleged search that occurred on January 7, 2000, which was documented with photographs. Defendant contends that, according to Plaintiff's expert, the photographs were taken from the end of Plaintiff's driveway. Defendant asserts that the end of Plaintiff's driveway is not part of the curtilage of Plaintiff's house and, thus, taking pictures from that location is not a violation of a clearly established Fourth Amendment right. See generally United States v. Jenkins, 124 F.3d 768, 772 (6th Cir. 1997) ("It is well established that the protection provided by the Fourth Amendment extends to the

---

[2] Plaintiff complains that Defendant has raised the issue of qualified immunity for the third time, thus potentially extending this winding road even further. However, it appears that Defendant is entitled to raise the issue of qualified immunity on remand. See Baar v. Jefferson Cty. Bd. of Ed., __ F. Supp.2d __, 2010 WL 670166 (W.D. Ky. Feb. 19, 2010) (finding, after discussion of Sixth Circuit law, that defendant could raise qualified immunity issue for the first time on remand).

'curtilage" area of a house."); United States v. Dunn, 480 U.S. 294, 301 (1987) (enumerating factors to consider in determining whether an area is part of the curtilage).

Even if the court were to accept Defendant's analysis here, Defendant is not entitled to qualified immunity. Defendant's motion is premised solely on the argument that, based upon the photographs, Killian could not have been within the curtilage when he took the photos. This argument *ignores other searches* alleged by Plaintiff (such as on January 11, 2001), when photos were not taken (or are not available), but when Plaintiff claims that he saw Killian *in his yard*. See Pl.'s Answers to Interrogatories; Jacob Dep. at 22, 33-34. Therefore, even if the court were to find that Killian was outside the curtilage on January 7, 2000, questions of fact remain as to whether Killian entered the curtilage on other occasions.[3] As the Sixth Circuit has already determined, based upon Plaintiff's allegations that Killian entered his yard without a warrant, Killian is not entitled to qualified immunity.

Killian also argues that he is entitled to qualified immunity because Plaintiff allegedly consented to the searches of his yard by virtue of his plea agreement. See United States v. Carter, 378 F.3d 584, 587 (6th Cir. 2004) (a person may waive his Fourth Amendment rights by freely and voluntarily consenting to a search). The handwritten agreement states:

---

[3] Defendant appears to confuse the alleged January 7, 2000 search with a search Plaintiff alleges to have occurred on January 11, 2001. Based upon the allegations, these are distinct incidents. Further, in his reply brief, Defendant focuses only on the incidents stated in Plaintiff's interrogatory answers, based upon the Sixth Circuit's description of the contours of Plaintiff's claim. See Jacob. v. Township of West Bloomfield, 192 Fed. Appx. 330 (6th Cir. 2006) ("During the course of discovery, Jacob disclosed that he intended to pursue his Fourth Amendment claim based on four separate incidents."). The precise factual contours of Plaintiff's Fourth Amendment claim were not presented (and were not specifically at issue) to this court prior to this time. Nor does it appear that the Sixth Circuit intended to foreclose Plaintiff from pursuing incidents not listed, but known to the parties (such as the alleged January 7, 2000 search).

> Def pleads guilty to both counts. Def will clean up all blight (as directed by code enforcement officer Mike Killian) and remove fence supports within 14 days. Today – please issue a 30 OCJ mittimus committment (sic) order effective October 18, 1999. Officer Killian will inspect on Oct. 15, 1999. If twp. Atty reports all violations removed re: the inspection of Officer Killian on October 15, 1999 – set aside the commitment order <u>and</u> – 2 yrs probation – no code violations.

Def.'s Ex. 6 (emphasis in original). Defendant suggests that "2 yrs probation – no code violations" entitled Killian to search Plaintiff's yard at any time without a warrant. Defendant argues that Killian reasonably believed that he could search Plaintiff's yard as a condition of Plaintiff's probation and that, therefore, he is entitled to qualified immunity.

Defendant is reaching here. First, Plaintiff disputes that he was given probation at all. He failed to comply with the plea agreement and served 30 days in jail. It appears that probation would have been imposed *if* Plaintiff had cleaned up the blight *and* the commitment order had been set aside. Second, even if Plaintiff was given probation, there is no language in the agreement indicating that Plaintiff waived his Fourth Amendment rights. It is difficult to see how Killian could have reasonably believed that the vague language of the plea agreement served as a free and voluntary consent that entitled him to search Plaintiff's yard without a warrant at any time. Accordingly, the court finds that Killian is not entitled to qualified immunity.

# **ORDER**

IT IS HEREBY ORDERED that Plaintiff's March 29, 2010 motion for summary judgment is DENIED.

IT IS FURTHER ORDERED that Defendants' March 29, 2010 motion for summary judgment is DENIED.


                                        s/John Corbett O'Meara
                                        United States District Judge

Date: June 1, 2010


I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, June 1, 2010, using the ECF system and/or ordinary mail.

                                        s/William Barkholz
                                        Case Manager